# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD L. STROHMETZ,

    Plaintiff,

vs.

STEVE CARPENTER, *et al.*,

    Defendants.

Case No. 2:13-cv-02072-JAD-GWF

**SCREENING ORDER**

    Plaintiff is a prisoner in federal custody, incarcerated at the Nevada Southern Detention Center in Pahrump, Nevada. Plaintiff has filed a complaint and an application to proceed *in forma pauperis*. (Doc. 1).

**I. Screening Standard**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In addition to the screening requirements under § 1915A, the Prison Litigation

Reform Act of 1995 (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord*, FED. R. CIV. PROC. 12(b)(6).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

## II. Screening of the Complaint

Plaintiff is an inmate in federal custody, incarcerated at the Nevada Southern Detention Center in Pahrump, Nevada. In the complaint, plaintiff seeks to bring action against Steve Carpenter and Christopher Hoye. Plaintiff alleges that defendants have failed to provide medical testing and treatment.

The Court notes that although plaintiff purportedly brings this action under 42 U.S.C. § 1983, the Court will construe the complaint as seeking relief under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978).

Plaintiff's allegations concern his medical treatment while incarcerated at a private facility, the Nevada Southern Detention Center, which is owned and operated by the Corrections Corporation of America pursuant to a contractual services agreement with the U.S. Marshal's Service. However, *Bivens* does not provide a remedy for alleged wrongs committed by a private entity alleged to have denied plaintiff's constitutional rights under color of federal law. *Corrections Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001). As such, plaintiff cannot bring federal claims of civil rights violations against the Corrections Corporation of America. Additionally, the United States Supreme Court has held that a prisoner cannot bring a *Bivens* action against an employee of a private entity for damages pursuant to alleged Eighth Amendment violations. *Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012). In *Minneci*, the Supreme Court held that:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of the kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* at 626. Here, as in *Minneci*, plaintiff asserts Eighth Amendment claims based on allegations of inadequate medical care, seeking damages from defendants who are employees of a private prison.

-3-

Plaintiff has a tort remedy under Nevada state tort law. *See* Nev. Rev. Stat. 41A, *et seq*. While plaintiff may be able to raise his claims against defendants as a tort claim in state court, his claim is not cognizable as a *Bivens* action in federal court. Therefore, the complaint is dismissed with prejudice, as amendment would be futile.

### IV. Conclusion

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (Doc. 1) is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that the complaint is **DISMISSED WITH PREJUDICE**, in its entirety, for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that this court **CERTIFIES** that any *in forma pauperis* appeal from this order would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated this 12th day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE